

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CHARLES A. FROMAL,<br>PATRICIA W. FROMAL,<br><br>         *Plaintiffs,*<br><br>v.<br><br>LAKE MONTICELLO OWNERS'<br>ASSOCIATION, INC., ET AL.,<br><br>         *Defendant.* | CIVIL ACTION NO. 3:05-CV-00067<br><br><br>OPINION & ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiffs' Motion for an Injunction. For the reasons that follow, Plaintiffs' Motion is DENIED.

Plaintiffs are landowners in Lake Monticello, a residential development east of Charlottesville, Virginia. The substance of Plaintiffs' complaint appears to be that the Board of the Lake Monticello Owner's Association ("the Board") has allegedly used the campgrounds at Lake Monticello for personal benefit and closed the campgrounds without authority. Plaintiffs allege that at the time they purchased their lots, they were assured that the campgrounds were permanent, and solely for the use of lot owners and their guests. Plaintiffs claim that Defendants' actions have violated 18 U.S.C. §§ 241 and 242 ("Conspiracy Against Rights"), 42 U.S.C. §§ 1982 and 1983 ("Section 1983"), 18 U.S.C. § 1962 (the Racketeering and Influenced and Corrupt Organizations Act, or "RICO"), and 18 U.S.C. § 1341 ("Frauds and Swindles"). Plaintiffs seek an injunction to stop the closing of the campgrounds pending the resolution of this

action.

To evaluate a request for a preliminary injunction, the Court must apply the four-part test articulated in *Blackwelder Furnishing Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977). In that case, the Fourth Circuit set forth four factors for courts to consider in deciding whether a preliminary injunction is appropriate: 1) the likelihood of irreparable harm to the plaintiff if the injunction is denied; 2) the likelihood of harm to the defendant if the injunction is granted; 3) plaintiff's likelihood of prevailing on the merits; and 4) whether the issuance of the injunction is in the public interest. *Id.; Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812 (4th Cir. 1991); *J. Doe v. Shenandoah County School Bd.*, 737 F. Supp. 913, 916 (W.D. Va. 1990). The harm to the plaintiff and the defendant are key factors in the analysis, and the plaintiff bears the burden of establishing that these factors support the issuance of the injunction. *Direx Israel*, 952 F.2d at 812 (citing *Technical Publishing Co. v. Lebhar-Friedman, Inc.*, 729 F.2d 1136, 1139 (7th Cir. 1984); *Shaffer v. Globe Protections, Inc.*, 721 F.2d 1121, 1123 (7th Cir. 1983)).

In this case, however, the likelihood of Plaintiffs' success on the merits is so slim that it overshadows all other factors. Setting aside for the moment Defendants' assertions that Plaintiffs have brought similar claims in state courts, and that thus this action is barred by the doctrine of *res judicata*, Plaintiffs' Complaint is deficient on its face.

First, Plaintiffs have brought a claim for conspiracy against rights, under 18 U.S.C. §§ 241 and 242. These are criminal statutes, which provide for no private right of action. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994).

Second, Plaintiffs have filed a § 1983 claim, but have failed to allege that any state action was involved in the alleged deprivation of their property rights. To state a claim under § 1983, a

plaintiff must allege that 1) the defendant has deprived him of a right secured to him by the Constitution and laws of the United States; and 2) that in doing so, defendant acted "under color of state law." *Adickes v. Kress & Co.*, 398 U.S. 144, 150 (1970). The phrase "under color of state law" has been interpreted to mean that Plaintiffs must show that the infringement of the right in question was caused by state action. *See, e.g., id.; Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Here, Plaintiffs have pointed to no governmental act that deprived them of a right; Defendants are all private parties. Thus, this claim also is deficient.

Third, Plaintiffs have alleged a violation of the RICO statute. To state a claim for a RICO violation, a plaintiff must allege a pattern of racketeering activity. 18 U.S.C. § 1962. Plaintiffs have alleged only that Defendants have closed the campgrounds without authority, when Plaintiffs had been assured that the campgrounds would not close. Even if Defendants' actions constituted racketeering (which is very unlikely) this scenario would under no circumstances amount to a "pattern" of racketeering activity, as only one incident is alleged. *See* 18 U.S.C. § 1961 (defining "pattern of racketeering activity" as requiring "at least two acts.")

Fourth, Plaintiffs have brought a claim under 18 U.S.C. § 1341, for frauds and swindles. Again, however, this statute does not create a private cause of action. *Uhre v. Emmett A. Larkin Co.*, 205 F. Supp. 2d 475, 478 (D.Md. 2002).

Thus, Plaintiffs presently appear to be unable to succeed on the merits of their case. Furthermore, they have not demonstrated that they would undergo irreparable harm if this injunction is not issued. "Generally, irreparable injury is suffered when monetary damages are difficult to ascertain or are inadequate." *See Multi-Channel TV Cable Co. v. Charlottesville Quality Operating Cable Co.*, 22 F.3d 546, 551 (4th Cir. 1994) (internal citations and quotations

3

omitted). In the instant case, Plaintiffs have requested damages, and damages would appear to be adequate remedy for the closing of a private, communal campground. The harm that Defendants would experience if an injunction issued is unclear, but also would appear to be insubstantial. Finally, the public interest is not implicated by the closing of a private campground.

Therefore, as Plaintiffs will not be irreparably injured by the denial of injunctive relief, and appear to be unlikely to succeed on the merits, the Court accordingly DENIES the Plaintiffs' request for a preliminary injunction.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a copy of this Opinion and Order to all parties of record and to the *pro se* Plaintiffs.

ENTERED: _____
United States District Judge

Date: January 23, 2006

4