CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 03 2006

JOHN F. CORCORAN, CLERK
BY /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CHARLES A. FROMAL,<br>PATRICIA W. FROMAL,<br><br>          *Plaintiffs*,<br><br>v.<br><br>LAKE MONTICELLO OWNERS' ASSOCIATION,<br>INC., ET. AL.<br><br>          *Defendants.* | CIVIL ACTION NO. 3:05-CV-00067<br><br><br>ORDER AND OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court on the Defendants' motion to dismiss, argued before the Court on May 1, 2006. For the following reasons, this motion is hereby GRANTED.

  The facts of this case are described in the Court's Order and Opinion of January 23, 2006 and need not be restated here. Defendants argue that Plaintiffs' claims should be dismissed (1) because the Complaint is deficient on its face, and Plaintiffs have failed to state any claim on which relief can be granted, and (2) because Plaintiffs' claims are barred by res judicata and should be dismissed as to the three defendants that Plaintiffs had previously sued in state court. The Court need not reach Defendants' second argument, as it is clear that Plaintiffs' claims should be dismissed based on the first.

  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint and does not resolve contests concerning the facts, the merits of claims, or the applicability of defenses.

1

*See Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994). Such motions "should be granted only in very limited circumstances," *Rogers v. Jefferson-Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir. 1989), and a complaint will survive as long as it sets out sufficient facts for the court to infer that each element of a cause of action is present. *See Wolman v. Tose,* 467 F.2d 29, 33 (4th Cir. 1972). In considering a Rule 12(b)(6) motion, a complaint is to be construed in the light most favorable to the plaintiff and the court is to assume its factual allegations to be true. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Martin Marietta v. Int'l Tel. Satellite,* 991 F.2d 94, 97 (4th Cir. 1992). "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim." *McNair v. Lend Lease Trucks, Inc.,* 95 F.3d 325, 328 (4th Cir. 1996) (*en banc*).

Plaintiffs claim that Defendants' actions have violated 18 U.S.C. §§ 241 and 242 ("Conspiracy Against Rights"), 18 U.S.C. § 1341 ("Frauds and Swindles"), 42 U.S.C. §§ 1982 and 1983 ("Section 1983"), and 18 U.S.C. § 1962 (the Racketeering Influenced and Corrupt Organizations Act, or "RICO").

As noted in the Court's earlier Order and Opinion, 18 U.S.C. §§ 241 and 242 and 18 U.S.C. § 1341 are criminal statutes and create no private rights of action. *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir. 1994); *Uhre v. Emmett A. Larkin Co.,* 205 F. Supp. 2d 475, 478 (D. Md. 2002). Hence, even assuming that all of Plaintiffs' factual allegations are true, these statutes simply do not create any rights that a private plaintiff can enforce.

Plaintiffs also fail to state a claim under section 1983. In order to allege a violation of 42 U.S.C. §§ 1982 and 1983, a plaintiff must allege that (1) the defendant has deprived him of a

2

Case 3:05-cv-00067-NKM-BWC   Document 34   Filed 05/03/06   Page 2 of 5   Pageid#: 185

right secured by the Constitution and laws of the United States, and (2) that in so doing, the defendant acted "under color of law." *Adickes v. Kress & Co.*, 398 U.S. 144, 150 (1970). The phrase "under color of law" has been interpreted to mean that a plaintiff must show that the infringement of the right in question was caused by state action. *See id.; Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Here, Plaintiffs have not alleged that Defendants acted under color of state law. Nor is this a simple error of pleading that could be cured by granting leave to amend; Defendants are all private parties, and Plaintiffs' claims arise from Defendants' violations of private covenants and agreements.

In their brief in opposition to Defendants' motion and at oral argument, Plaintiffs argued that the Lake Monticello Owners' Association was a "quasi-governmental" entity and thus was a state actor. Private entities may be liable under section 1983 when they are performing a public function. *See Evans v. Newton*, 382 U.S. 296 (1966) (applying public function analysis where the government attempted to avoid its constitutional obligations by transferring a public function to a private entity); *Terry v. Adams*, 345 U.S. 461 (1953) (applying public function analysis where a private entity exercises powers invariably exercised by the government); *Marsh v. Alabama*, 326 U.S. 501 (1946) (applying public function analysis in the First Amendment context to determine whether private property was functionally equivalent to a town). Here, neither *Evans* nor *Terry* applies, and unlike the defendant in *Marsh*, here Lake Monticello Owner's Association has not assumed all the attributes of a state-created municipality. Further, numerous courts have ruled that similar gated-community or condominium associations are not state actors. *See, e.g., Kalian at Poconos, L.L.C. v. Saw Creek Estates Cmty Ass'n, Inc.*, 275 F. Supp. 2d 578 (M.D. Pa. 2003); *Goldberg v. 400 E. Ohio Condo. Ass'n*, 12 F. Supp. 2d 820, 823 (N.D. Ill. 1998). Hence, in the

3

absence of any state action, Plaintiffs' section 1983 claim must also be dismissed.

Finally, Plaintiffs also allege that Defendants' actions constitute a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962. To state a claim under RICO, a plaintiff must allege a pattern of racketeering activity. *Id.* This requires alleging at least two acts of racketeering activity. 18 U.S.C. § 1961. Plaintiffs' complaint, however, alleges no overt acts at all that might qualify as "racketeering activity" under section 1961. The only acts that Plaintiffs allege are the Defendants' failure to maintain the Lake Monticello campgrounds, Complaint, at ¶ 22; their failure to enforce the appropriate by-laws and covenants, *id.* at ¶ 23; their holding private meetings, *id.* at ¶ 25; their grant of permission to unnamed coconspirators "to loot the property of the campers in the designated campgrounds," *id.* at ¶ 29; their notice to Plaintiffs' that they would lose access to a boat slip if they did not register a boat there by May 15 of 2004, *id.* at ¶ 37; and their diversion of Association funds to operate a restaurant, *id.* at ¶ 47.

None of these actions falls within the purview of section 1961(1). Any act that does not fall within those listed in section 1961(1) is not an act of racketeering activity. *See U.S. v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 793 F. Supp. 1114, 1129 (E.D.N.Y. 1992). The only allegation that might arguably qualify is the granting of permission to "loot the property of the campers" and even assuming that action qualified as a racketeering activity (a large and implausible assumption), Plaintiffs must still allege "a pattern of racketeering activity." § 1962. One action cannot constitute a pattern, and the Defendants' other acts, to the extent they might be actionable at all, are more in the nature of a breach of contract than of racketeering activity. Hence, Plaintiffs' RICO claim must be dismissed as well.

Defendants also move for sanctions under Rule 11, arguing that Plaintiffs filed this suit for

4

improper and vexatious purposes. According to Defendants, Plaintiffs have filed numerous suits in state court related to the closure of the campgrounds, and all have terminated favorably to Defendants. A state court also awarded attorney's fees to Defendants. Further, Defendants argue that Plaintiffs have continued to pursue their claims in this case despite the Court's Order denying injunctive relief, which stated that Plaintiffs' claims were facially deficient. In light of these arguments and Defendants' compliance with the "safe-harbor" provision of Rule 11, the Court determines that sanctions against Plaintiffs are appropriate in this case to deter further frivolous and vexatious claims. The Court imposes these sanctions because the Court's previous Order and Opinion made it clear that the claims described above had no legal support and had no possibility of success, yet Plaintiffs continued to pursue these claims. The Court therefore awards Defendants reasonable costs and attorneys fees accrued since the issuance of the Court's Order and Opinion denying injunctive relief on January 23, 2006.

It is so ORDERED.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
U.S. District Judge

May 3, 2006
Date